# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Harold A. DALL, Attorney at Law.

Supreme Court

*No. 89-1107-D. Filed November 7, 1989.*

(Also reported in 447 N.W.2d 366.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Harold A. Dall to practice law in Wisconsin be suspended for a period of 60 days as discipline for professional misconduct. That misconduct concerned his having submitted false expense and billing forms to his law firm for reimbursement, which was subsequently charged to the firm's clients. We determine that a 60-day license suspension is appropriate discipline for this misconduct.

Attorney Dall was licensed to practice law in Wisconsin in 1955 and practices in Milwaukee. He has not

previously been the subject of a disciplinary proceeding. The referee in this matter is the Honorable Timothy L. Vocke, reserve judge.

On the basis of Attorney Dall's stipulation to the allegations of unprofessional conduct in the complaint of the Board of Attorneys Professional Responsibility, the referee made the following findings of fact. After Attorney Dall's departure from employment with a Milwaukee law firm in July, 1985, an audit of his daily expense sheets and billing slips for the 16 months commencing January 1, 1984, disclosed over 430 instances of discrepancies, including those in which the client file showed no work on the dates for which expense items had been reported, expense and travel items were reported for dates on which all work had been performed in the office and travel and mileage expenses were charged in amounts exceeding the firm's guidelines. Following the audit, the law firm issued refund checks to its clients who had been overbilled as a result of the discrepancies in Attorney Dall's charges. Those refunds, including interest, were paid to nine clients and totaled $8,673.17.

On the basis of these facts, the referee concluded that Attorney Dall had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4).[1] As discipline, the referee recommended that Attorney Dall's license to practice law be suspended for 60 days. The referee also recommended that Attorney Dall be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline. Attorney Dall's false claims for reimbursement resulted in his obtaining funds from his law firm to

---

[1]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

which he was not entitled; ultimately, those funds came from clients of the firm. The seriousness of this misconduct warrants the license suspension recommended. We note that restitution has been made to the clients, albeit by the law firm; in order to have his license to practice law reinstated following the suspension period, Attorney Dall will have to establish that he has made restitution to the law firm. SCR 22.28(4)(1).

IT IS ORDERED that the license of Harold A. Dall to practice law in Wisconsin is suspended for a period of 60 days, commencing December 4, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Harold A. Dall pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Harold A. Dall to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Harold A. Dall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

CECI, J., did not participate.