IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Harold A. DALL, Attorney at Law.

Supreme Court

*No. 92-1021-D. Filed August 11, 1992.*

(Also reported in 486 N.W.2d 530.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Harold A. Dall to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of neglect of client legal matters, failing to keep clients

reasonably informed of the status of their matters, misrepresenting to clients that he would arrange for depositions in an action he had commenced on behalf of their son when, in fact, that matter had been dismissed on the merits as a result of Attorney Dall's failure to respond to and appear on an order to show cause for dismissal, his failure to promptly make payment from a settlement to an expert witness the court found entitled to the payment, making false statements to the court of appeals in support of a motion to amend the schedule in an appeal and failing to appear before a district professional responsibility committee in its investigation of grievances made by his clients.

When Attorney Dall failed to file an answer or otherwise respond to the complaint filed by the Board of Attorneys Professional Responsibility (Board) or to the notification from the referee that he was prepared to treat the matter as a default, the referee granted the Board's motion for default judgment. Consequently, there are no facts at issue and we adopt the referee's findings of fact based on the allegations of the Board's complaint. We also adopt the referee's conclusions of law concerning Attorney Dall's violation of the applicable rules of attorney professional conduct.

We determine that the six-month license suspension recommended by the referee as discipline is the appropriate sanction for Attorney Dall's misconduct. Attorney Dall seriously neglected matters he had undertaken on behalf of clients and, when his neglect resulted in the dismissal of his client's action, he misrepresented to his clients the status of that action in order to prevent their discovering his neglect. Further, he failed to act pursuant to the decision of a circuit court regarding payment of an expert witness and made false statements to an appellate court in order to obtain a benefit in the

scheduling of an appeal. Finally, he did not cooperate with the investigative authorities looking into his conduct in these matters.

By his conduct in these matters, Attorney Dall has demonstrated that he lacks the fundamental trustworthiness to be licensed by this court to represent the interests of others in our legal system. The license suspension we impose will require that, prior to reinstatement of his license, Attorney Dall establish to the satisfaction of the court that he again possesses the requisite character to justify licensure.

Attorney Dall was admitted to practice law in 1955 and practiced in Milwaukee. He currently resides in California. In 1989, the court suspended his license to practice law for 60 days as discipline for professional misconduct consisting of submitting false expense and billing forms to his law firm for reimbursement of expenses subsequently charged to the firm's clients. *Disciplinary Proceedings Against Dall,* 152 Wis. 2d 110, 447 N.W.2d 366. In October, 1991 he was suspended from practice for failure to pay assessments to the court's attorney boards and in June, 1992, he was suspended from practice for failure to comply with continuing legal education requirements. The referee in this proceeding is Attorney S. Michael Wilk.

The first matter considered in this proceeding concerned Attorney Dall's conduct in connection with an action he filed in February, 1986 on behalf of a couple who sought recovery for injuries suffered by their minor child. In the course of that action, Attorney Dall failed to respond to an order to show cause for dismissal issued by the circuit court and failed to appear in court on the motion as the court had ordered. As a result, the court dismissed the action on its merits.

Attorney Dall did not tell his clients that the action had been dismissed. During the following two years he had several conversations with them about the case and in April, 1988 told them he would arrange for depositions to be taken. In May, 1988, he returned the clients' file to prior counsel, who discovered that the action had been dismissed. The referee concluded that Attorney Dall neglected this legal matter, in violation of former SCR 20.32(3) and current SCR 20:1.3,[1] that his failure to keep his clients reasonably informed of the status of the action violated former SCR 20.32(3) and current SCR 20:1.4(a)[2] and that his misrepresentations to the clients violated former SCR 20.04(4) and current SCR 20:8.4(c).[3]

In 1987, Attorney Dall retained the services of an expert witness to testify in an action. When it approved a settlement of that action, the court provided that $609 be paid to the expert and shortly thereafter Attorney Dall received a check from the defendants which included that amount. Notwithstanding frequent con-

---

[1]SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:1.4 provides:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3]SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

tacts from the expert witness concerning the fee, Attorney Dall did not pay the expert witness the fee to which he was entitled until a year and a half following the settlement of the action. The referee concluded that Attorney Dall thereby violated SCR 20:1.15(b).[4]

In May, 1989, Attorney Dall submitted an affidavit to the court of appeals in a pending appeal to support his motion to amend the schedule in the appeal. In that affidavit, Attorney Dall stated that he had contacted several medical witnesses who had expressed opinions supportive of his client's position, that co-counsel had agreed to allow parties additional time to name expert witnesses, that co-counsel without Attorney Dall's consent, brought in an additional expert witness who raised inconsistent theories of liability and that Attorney Dall had no knowledge of the state of the record in the appeal. Those statements were false. The referee concluded that Attorney Dall knowingly made false statements of fact to a tribunal, in violation of SCR 20:3.3(a)(1)[5] and 20:8.4(c).

---

[4]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[5]SCR 20:3.3 provides:

**Candor toward the tribunal**
(a)   A lawyer shall not knowingly:
(1)   make a false statement of fact or law to a tribunal;

The district professional responsibility committee to which client grievances in these matters were referred for investigation scheduled a meeting for August 6, 1991 and sent Attorney Dall a notice to appear at that meeting. When Attorney Dall contacted the committee chairperson by telephone from California and told him he could not afford to travel to Wisconsin to attend, the chairperson offered Attorney Dall the opportunity to participate at the meeting by telephone conference call but Attorney Dall declined. The referee then concluded that Attorney Dall failed to cooperate with the Board in its investigation of client grievances, in violation of SCR 21.03(4)[6] and 22.07(2).[7]

As part of his recommendation for discipline, in addition to the six-month license suspension, the referee recommended that the suspension continue beyond the prescribed period until such time as Attorney Dall file

---

[6]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

with this court a written statement that he has read, understood and agreed to be bound by and obey the court's rules concerning professional conduct for attorneys and the rules governing disciplinary proceedings. We accept that added recommendation and impose it as part of Attorney Dall's responsibility to show rehabilitation in the event he should seek reinstatement of his license.

IT IS ORDERED that, effective the date of this order, the license of Harold A. Dall to practice law in Wisconsin is suspended for a period of six months and until further order of the court.

IT IS FURTHER ORDERED that within 60 days of the date of this order Harold A. Dall pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Harold A. Dall to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Harold A. Dall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.